STEWART *et al.*, Plaintiffs in Error, *vs.* ANDERSON *et al.*, Defendants in Error.

1. Under the act of 1847, a garnishee is not entitled to an allowance for the fees of an attorney, but only for his own time and trouble in answering.

*Error to St. Louis Court of Common Pleas.*

*Knox & Kellogg*, for plaintiffs in error.
*Todd & Krum*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

The question here arises on the clause in the act of the legislature of 1846 and '47, respecting garnishees in attachment or on execution, which declares, "If any plaintiff in attachment or in an execution shall cause any person to be summoned as garnishee, and shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff, and the court or justice shall also render judgment in favor of such garnishee against the plaintiff for a

sum sufficient to indemnify him for his time and trouble in attending and answering the interrogatories propounded to him."

Under this section, the defendants, Anderson and others, had been summoned as garnishees on execution in favor of Stewart and others against Bloomer & Holmes. They answered the interrogatories filed against them, which answer having been put in issue by the denial of the plaintiff, a trial of the issue was had, and the plaintiffs were nonsuited, or voluntarily abandoned the prosecution of the garnishment.

The garnishees then moved the court to allow them fifty dollars for their time and trouble in attending and answering the interrogatories propunded to them, and for the fees and services of an attorney at law, in preparing the answer and managing the matter.

The court heard the evidence of the reasonable worth of the lawyer's services in the business, and allowed the sum of fifty dollars, and gave judgment for that sum in favor of the garnishees and against the plaintiff, and for all costs. Exceptions were taken, and the case brought here by writ of error.

1. We have no hesitation in saying that, in our opinion, this act of the court was wrong. The statute never contemplated allowing to the garnishee the money or fees he might have to pay his attorney, in preparing the answer and defending the garnishment. The court is to allow the defendant or garnishee a sum sufficient to indemnify him *for his time* and *trouble in attending and answering the interrogatories.*

It is only by statute, that a judgment could be rendered against the plaintiff and in favor of the garnishee, and if the legislature had designed to pay for the attorney's fee in such matters, they would have expressly said so. The intention of the legislature was merely to provide some compensation to the garnishee for his attending and answering interrogatories, filed in a case where he was not indebted, or had none of the property or effects of the defendant in attachment in his hands. It was in some measure to prevent plaintiffs from over-hasty or inconsiderate action against garnishees. We do not feel war-

ranted to extend the effect of this provision beyond the simple objects embraced in its terms ; a sufficiency to indemnify for the time and trouble in attending and answering. We consider the fee paid to the attorney not embraced in these matters, nor did the legislature design to embrace such fee.

Let the judgment be reversed, the other judges concurring.